IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 15-cv-02336-GPG

ROCKY-LEE: HUTSON,

    Plaintiff,

v.

STATE OF COLORADO,
GOVERNOR: JOHN HICKENLOOPER,
COLORADO STATES ATTORNEY GENERAL: CYNTHIA H. COFFMAN,
COLORADO SECRETARY OF STATE: WAYNE W. WILLIAMS,
COLORADO DEPARTMENT OF MOTOR VEHICLES: (All of the Officers and
    Assistants),
AMERICAN BAR ASSOCIATION: (All licensed bar attorneys and assistants),
COLORADO BAR ASSOCIATION: (All licensed bar attorney and assistants),
MESA COUNTY COURT: (All of the Judges and their assistants),
MESA COUNTY DISTRICT ATTORNEY'S OFFICE: (All of the officers and assistants),
MESA COUNTY,
MESA COUNTY SHERIFF: MATT LEWIS,
MESA COUNTY JAIL: (All deputies in the Sheriff's Department),
CITY OF GRAND JUNCTION,
GRAND JUNCTION POLICE DEPARTMENT (The Chief of Police and everyone under
    him down to the meter maid),
EAGLE COUNTY,
EAGLE COUNTY SHERIFF: JAMES VAN BEEK,
EAGLE COUNTY JAIL: (All deputies in the Sheriff's Department),
CITY OF EAGLE,
EAGLE COUNTY DISTRICT ATTORNEY'S OFFICE (All of the officers and assistants),
EAGLE COUNTY COURTS (All of the Judges and their Assistants),
CITY OF GOLDEN,
JEFFERSON COUNTY,
JEFFERSON COUNTY SHERIFF: JEFF SHRADER,
JEFFERSON COUNTY JAIL (All deputies in the Sheriff's Department),
PUEBLO COUNTY,
PUEBLO COUNTY SHERIFF: KIRK M. TAYLOR,
PUEBLO COUNTY JAIL (All deputies in the Sheriff's Department),
PUEBLO COUNTY COURT: (All of the Judges and their assistants),
CITY OF PUEBLO, and
PUEBLO COUTNY DISTRICT ATTORNEY'S OFFICE (All of the officers and
    assistants),

    Defendants

ORDER DIRECTING PLAINTIFF TO FILE AMENDED COMPLAINT

Plaintiff, Rocky-Lee: Hutson, currently resides in Clifton, Colorado.  Plaintiff initiated this action on October 19, 2015, by filing *pro se* a Complaint (ECF No. 1).  Plaintiff has been granted leave to proceed *in forma pauperis* pursuant to 28 U.S.C. § 1915.

On December 10, 2015, Plaintiff filed a Complaint (ECF No. 7), pursuant to 42 U.S.C. § 1983, in compliance with the Court's order to file his pleading on the court-approved form.  (*See* ECF No. 4).  Plaintiff names 30 defendants and asserts 30 claims for relief in the Complaint.

The Court must construe the Complaint liberally because Plaintiff is not represented by an attorney.  See *Haines v. Kerner*, 404 U.S. 519, 520-21 (1972); *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991).  However, the Court should not act as an advocate for *pro se* litigants.  *See Hall*, 935 F.2d at 1110.  The Court has reviewed the Complaint and has determined that it is deficient.  For the reasons discussed below, Plaintiff will be ordered to file an amended complaint.

**I.  Requirements of Fed. R. Civ. P. 8**

The Complaint fails to comply with the pleading requirements of Rule 8 of the Federal Rules of Civil Procedure.

The twin purposes of a complaint are to give the opposing parties fair notice of the basis for the claims against them so that they may respond and to allow the court to conclude that the allegations, if proven, show that the plaintiff is entitled to relief.  *See*

*Monument Builders of Greater Kansas City, Inc. v. American Cemetery Ass'n of Kansas*, 891 F.2d 1473, 1480 (10th Cir.1989). The requirements of Fed.R.Civ.P. 8 are designed to meet these purposes. *See TV Communications Network, Inc. v. ESPN, Inc.,* 767 F.Supp. 1062, 1069 (D.Colo.1991), *aff'd*, 964 F.2d 1022 (10th Cir.1992).

Specifically, Rule 8(a) requires that a complaint "contain (1) a short and plain statement of the grounds for the court's jurisdiction, . . . (2) a short and plain statement of the claim showing that the pleader is entitled to relief, and (3) a demand for the relief sought . . . ." The philosophy of Rule 8(a) is reinforced by Rule 8(d)(1) which provides that "[e]ach allegation must be simple, concise, and direct." Taken together, Rules 8(a) and (d)(1) underscore the emphasis placed on clarity and brevity by the federal pleading rules. Prolix, vague, or unintelligible pleadings violate the requirements of Rule 8.

The allegations of the Complaint are entirely conclusory and vague. Plaintiff repeatedly alleges that "my civil rights were violated" but fails to explain specifically what each of the 30 named Defendants did to violate his federal constitutional rights. Plaintiff's conclusory allegations do not show that any of the named Defendants deprived him of a Constitutional right. To state a claim in federal court, Plaintiff must explain "what each defendant did to him; when the defendant did it; how the defendant's action harmed him; and, what specific legal right the plaintiff believes the defendant violated." *Nasious v. Two Unknown B.I.C.E. Agents*, 492 F.3d 1158, 1164 (10th Cir. 2007).

## II.  42 U.S.C. § 1983

Section 1983 provides a remedy for the deprivation of a right secured by the Constitution or federal statute, committed under color of state law.  *See Am. Mfrs. Mut. Ins. Co. v. Sullivan*, 526 U.S. 40, 49-50 (1999).

**A.  Eleventh Amendment Immunity**

Plaintiff primarily names the State of Colorado and other State agencies and entities as Defendants.  Most (if not all) of the state agency Defendants are considered arms of the state of Colorado and claims against them are construed against the State of Colorado.  *See Hafer v. Melo*, 502 U.S. 21, 25 (1991) (stating that claims asserted against government officials in their official capacities are construed against the governmental entity).  The State and its agencies are entitled to Eleventh Amendment immunity, absent a waiver.  *See generally Meade v. Grubbs*, 841 F.2d 1512, 1525 (10th Cir. 1988) (the immunity conferred by the Eleventh Amendment extends to the state and its instrumentalities); *Steadfast Ins. Co. v. Agricultural Ins. Co.,* 507 F.3d 1250, 1256 (10th Cir. 2007) (recognizing that an agency of the state is entitled to Eleventh Amendment immunity).  Congress did not abrogate Eleventh Amendment immunity through § 1983, *see Quern v. Jordan*, 440 U.S. 332, 345 (1979), nor has the State expressly waived its sovereign immunity.  *See Griess v. Colorado*, 841 F.2d 1042, 1044-45 (10th Cir. 1988).  The Eleventh Amendment prohibits suit against a state entity, regardless of the relief sought.  *See Higganbotham v. Okla. Transp. Com'n,* 328 F.3d 638, 644 (10th Cir. 2003); *see also Hunt v. Colorado Dep't of Corrections*, No. 07-1400, 271 F. App'x 778, 780-81 (10th Cir. March 28, 2008) (unpublished).  Accordingly, Plaintiff cannot obtain a judgment for damages against the State, its agencies, and any

individual Defendants, sued in their official capacities. However, Plaintiff is not precluded from seeking prospective injunctive relief under § 1983. *See Ex Parte Young*, 209 U.S. 123 (1908); *see also Branson Sch. Dist. RE–82 v. Romer*, 161 F.3d 619, 631 (10th Cir.1998) ("[A] suit against a state official in his or her official capacity seeking prospective injunctive relief is not . . . against the state for Eleventh Amendment purposes.").

### B.  Private Individuals or Entities

Some of the named Defendants are private individuals or entities. "Like the state-action requirement of the Fourteenth Amendment, the under-color-of-state-law element of § 1983 excludes from its reach merely private conduct, no matter how discriminatory or wrongful." *Id.* at 50 (quotation marks omitted). Private conduct constitutes state action only if it "fairly attributable to the State." *Lugar v. Edmondson Oil Co.*, 457 U.S. 922, 937 (1982). Further, while state action can be "present if a private party is a 'willful participant in joint action with the State or its agents,'" *Gallagher v. Neil Young Freedom Concert*, 49 F.3d 1442, 1453 (10th Cir.1995) (quoting *Dennis v. Sparks*, 449 U.S. 24, 27 (1980)), "the mere acquiescence of a state official in the actions of a private party is not sufficient," *id.* (citing *Flagg Bros. v. Brooks*, 436 U.S. 149, 164 (1978)). "[C]onstitutional standards are invoked only when it can be said that the State is responsible for the specific conduct of which the plaintiff complains." *Blum v. Yaretsky*, 457 U.S. 991, 1004 (1982).

The Complaint is deficient because there are no allegations to suggest that any actions of the private entity Defendants were fairly attributable to the State. If Plaintiff

intends to assert claims against a private entity Defendant, he must state facts to show that any non-governmental actors were acting under color of state law.

### C. Personal Participation

The Complaint also is deficient because Plaintiff fails to allege facts to show that each named Defendant was personally involved in a deprivation of his constitutional rights. Personal participation is an essential element in a civil rights action. *See Bennett v. Passic*, 545 F.2d 1260, 1262-63 (10th Cir. 1976); *Kentucky v. Graham*, 473 U.S. 159, 166 (1985). There must be an affirmative link between the alleged constitutional violation and each defendant's participation, control or direction, or failure to supervise. *See Gallagher v. Shelton,* 587 F.3d 1063, 1069 (10th Cir.2009) (citations and quotations omitted); *Dodds v. Richardson*, 614 F.3d 1185, 1200-1201 (10th Cir. 2010). A supervisor can only be held liable for his or her own deliberate intentional acts. *See Ashcroft v. Iqbal*, 556 U.S. 662, 676 (2009); *Serna v. Colo. Dep't of Corrections*, 455 F.3d 1146, 1151 (10th Cir. 2006) ("Supervisors are only liable under § 1983 for their own culpable involvement in the violation of a person's constitutional rights."); *see also Fogarty v. Gallegos*, 523 F.3d 1147, 1162 (10th Cir. 2008) ("[Section] 1983 does not recognize a concept of strict supervisor liability; the defendant's role must be more than one of abstract authority over individuals who actually committed a constitutional violation."). In addition, if Plaintiff intends to assert any claims against a municipality, he must allege specific facts in support of his constitutional claims that demonstrate he suffered an injury caused by a municipal policy or custom. *See Schneider v. City of Grand Junction Police Dept.*, 717 F.3d 760, 769-71 (10th Cir. 2013)

(discussing Supreme Court standards for municipal liability); *Dodds v. Richardson*, 614 F.3d 1185, 1202 (10th Cir. 2010).

Accordingly, in the amended complaint, Plaintiff must allege specific facts to show how each named Defendant personally participated in an alleged deprivation of his constitutional rights.

### D. Judicial and Prosecutorial Immunity

Finally, the Complaint is deficient because Plaintiff names state courts, state court judges, and state prosecutors as Defendants.

Judges are absolutely immune from a civil rights suit based on actions taken in their judicial capacity, unless they acted in the clear absence of all jurisdiction. *See Mireles v. Waco*, 502 U.S. 9, 11-12 (1991); *Stump v. Sparkman*, 435 U.S. 349, 356-57 (1978); *Hunt v. Bennett*, 17 F.3d 1263, 1266-67 (10th Cir. 1994). Judicial immunity "is not overcome by allegations of bad faith or malice," *Mireles*, 502 U.S. at 11, or an assertion that the judge acted in error or exceeded his authority, *see Stump*, 435 U.S. at 1105. Further, a judge acts in the clear absence of all jurisdiction only when he "acts clearly without any colorable claim of jurisdiction." *Snell v. Tunnell*, 920 F.2d 673, 686 (10th Cir.1990). Plaintiff does not state any facts to indicate that the Defendant judges were acting outside of their judicial capacity.

In addition, prosecutors are entitled to absolute immunity in § 1983 suits for activities within the scope of their prosecutorial duties. *See Imbler v. Pachtman*, 424 U.S. 409, 420-24 (1976); *see also Butz v. Economou*, 438 U.S. 478, 504 (1978). Initiating and pursuing a criminal prosecution are acts are "'intimately associated with

the judicial process.'" *Snell v. Tunnell*, 920 F.2d 673, 686 (10th Cir. 1990) (quoting *Imbler*, 424 U.S. at 430). Plaintiff's allegations suggest that he is suing the prosecutor Defendants for actions taken in the course of their prosecutorial duties.

In the amended complaint, Plaintiff must allege specific facts to show that his claims against the judges and prosecutors are not barred by absolute immunity.

### E. Constitutional Claims

Although the Complaint fails to comply with Rule 8's pleading requirements, the Court discerns from Plaintiff's allegations that he may be attempting to assert § 1983 claims against one or more of the Defendants for false arrest and imprisonment (arrest without a warrant), or for malicious prosecution (arrested pursuant to legal process – i.e., a warrant).

As explained by the Tenth Circuit in *Myers v. Koopman*, 738 F.3d 1190 (10th Cir. 2013):

> Unreasonable seizures imposed without legal process precipitate Fourth Amendment false imprisonment claims. *See Wallace* [*v. Kato*], 549 U.S. [384,] 389, 127 S.Ct. 1091 [(2007)] (concluding that false imprisonment was the proper analogy where defendants did not have a warrant for the plaintiff's arrest and thus detention occurred without legal process). Unreasonable seizures imposed with legal process precipitate Fourth Amendment malicious-prosecution claims. *See Heck* [*v. Humphrey*], 512 U.S. [477,] 484, 114 S.Ct. 2364 [(1994)] (where detention occurs with legal process the "common-law cause of action for malicious prosecution provides the closest analogy").

*Id.* at 1194. *See also Wilkins v. DeReyes*, 528 F.3d 790, 793-94, 799 (10th Cir. 2008) (concluding that where police officer obtained an arrest warrant for plaintiff based on fabricated evidence gathered by using coercive interrogation techniques and plaintiff challenged his detention after the institution of legal process, the claim that the legal

process itself was wrongful stated a "Fourth Amendment violation sufficient to support a § 1983 malicious prosecution cause of action."); *Mondragon v. Thomas*, 519 F.3d 1078, 1083 (10th Cir. 2008) ("After the institution of legal process, any remaining constitutional claim is analogous to a malicious prosecution claim.").

### 1. false arrest and imprisonment

State tort law provides the starting point for analyzing constitutional claims for wrongful arrest and detention under § 1983; however, the ultimate inquiry is whether there has been a deprivation of a constitutional right. *Grubbs v. Bailes*, 445 F.3d 1275, 1278 (10th Cir. 2006)(internal citations omitted).

Under Colorado law, false arrest arises when an individual is taken into custody by a police officer who claims but does not have probable cause to believe that an offense has been committed and that the person who was arrested committed it. *See Enright v. Groves*, 560 P.2d 851, 853 (Colo.App.1977) (citing W. Prosser, Torts s 11 (4th ed.)). Plaintiff does not allege specific facts to show that he was arrested and detained without probable cause.

### 2. malicious prosecution

A malicious prosecution claim brought under the Fourth Amendment requires a showing that "(1) the defendant caused the plaintiff's continued confinement or prosecution; (2) the original action terminated in favor of the plaintiff; (3) no probable cause supported the original arrest, continued confinement, or prosecution; (4) the defendant acted with malice; and (5) the plaintiff sustained damages." *Wilkins v. DeReyes*, 528 F.3d 790, 799 (10th Cir.2008). Malice may be inferred if a defendant

causes the prosecution without arguable probable cause.  *See id.* at 800-01 (malice may be inferred from intentional or reckless behavior).

If Plaintiff intends to assert a § 1983 claim for malicious prosecution, he must allege specific facts to show that a named Defendant, acting under color of state law, violated his Fourth Amendment rights.  Plaintiff is reminded that state prosecutors have absolute immunity from suit for initiating and maintaining a criminal prosecution.

Because the Complaint is deficient for the reasons discussed above, Plaintiff will be directed to file an amended complaint.  Accordingly, it is

ORDERED that Plaintiff,  Rocky-Lee: Hutson, file **within thirty (30) days from the date of this order,** an Amended Complaint on the court-approved Complaint form that complies with all of the directives in this order.  It is

FURTHER ORDERED that, if Plaintiff fails to file an Amended Complaint on the court-approved Complaint form that complies with the directives in this Order within the time allowed, the Court will dismiss this action without further notice for the reasons discussed above.  It is

DATED December 16, 2015, at Denver, Colorado.

BY THE COURT:

_____
Gordon P. Gallagher
United States Magistrate Judge