IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 15-cv-02336-GPG

ROCKY-LEE: HUTSON,

    Plaintiff,

v.

STATE OF COLORADO,
GOVERNOR: JOHN HICKENLOOPER,
COLORADO STATES ATTORNEY GENERAL: CYNTHIA H. COFFMAN,
COLORADO SECRETARY OF STATE: WAYNE W. WILLIAMS,
COLORADO DEPARTMENT OF MOTOR VEHICLES: (All of the Officers and
    Assistants),
AMERICAN BAR ASSOCIATION: (All licensed bar attorneys and assistants),
COLORADO BAR ASSOCIATION: (All licensed bar attorney and assistants),
MESA COUNTY COURT: (All of the Judges and their assistants),
MESA COUNTY DISTRICT ATTORNEY'S OFFICE: (All of the officers and assistants),
MESA COUNTY,
MESA COUNTY SHERIFF: MATT LEWIS,
MESA COUNTY JAIL: (All deputies in the Sheriff's Department),
CITY OF GRAND JUNCTION,
GRAND JUNCTION POLICE DEPARTMENT (The Chief of Police and everyone under
    him down to the meter maid),
EAGLE COUNTY,
EAGLE COUNTY SHERIFF: JAMES VAN BEEK,
EAGLE COUNTY JAIL: (All deputies in the Sheriff's Department),
CITY OF EAGLE,
EAGLE COUNTY DISTRICT ATTORNEY'S OFFICE (All of the officers and assistants),
EAGLE COUNTY COURTS (All of the Judges and their Assistants),
CITY OF GOLDEN,
JEFFERSON COUNTY,
JEFFERSON COUNTY SHERIFF: JEFF SHRADER,
JEFFERSON COUNTY JAIL (All deputies in the Sheriff's Department),
PUEBLO COUNTY,
PUEBLO COUNTY SHERIFF: KIRK M. TAYLOR,
PUEBLO COUNTY JAIL (All deputies in the Sheriff's Department),
PUEBLO COUNTY COURT: (All of the Judges and their assistants),
CITY OF PUEBLO, and
PUEBLO COUTNY DISTRICT ATTORNEY'S OFFICE (All of the officers and
    assistants),

    Defendants.

1

## ORDER OF DISMISSAL

On December 10, 2015, Plaintiff Rocky-Lee: Hutson filed on the Court-approved form a Complaint (ECF No. 7) pursuant to 42 U.S.C. § 1983 naming thirty defendants and asserting thirty claims for relief.

On December 16, 2015, Magistrate Judge Gordon P. Gallagher reviewed the Complaint and determined that it was deficient because (1) it did not comply with the pleading requirements of Rule 8 of the Federal Rules of Civil Procedure; (2) many of the Defendants were entitled to Eleventh Amendment immunity; (3) some of the Defendants were private entities and there were no allegations of state action; (4) some of the Defendants were entitled to absolute judicial and prosecutorial immunity; (5) Plaintiff failed to allege facts showing that each named Defendant personally participated in a deprivation of his constitutional rights; and (6) Plaintiff failed to allege facts supporting a § 1983 claim for false arrest and imprisonment or malicious prosecution. (*See* ECF No. 8). Accordingly, Magistrate Judge Gallagher directed Plaintiff to file an Amended Complaint that complied with the directives of the December 16 Order. (*Id.*). On January 4, 2016, Plaintiff filed an Amended Complaint (ECF No. 10) naming the same thirty defendants and asserting the same thirty claims for relief.

Plaintiff has been granted leave to proceed *in forma pauperis* pursuant to 28 U.S.C. § 1915. Subsection (e)(2)(B) of § 1915 requires a court to dismiss *sua sponte* an action at any time if the action is frivolous, malicious, or seeks monetary relief against a defendant who is immune from such relief. A legally frivolous claim is one in which the plaintiff asserts the violation of a legal interest that clearly does not exist or

asserts facts that do not support an arguable claim.  *Neitzke v. Williams*, 490 U.S. 319, 324 (1989).

The Court construes the Amended Complaint liberally because Plaintiff is not represented by an attorney.  *See Haines v. Kerner*, 404 U.S. 519, 520-21 (1972); *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991).  However, the Court should not be the *pro se* litigant's advocate.  *Hall*, 935 F.2d at 1110.  For the reasons discussed below, this action will be dismissed.

**I.  The Amended Complaint**

The Amended Complaint does nothing to clarify the allegations of the initial Complaint and names the same thirty Defendants and re-asserts the same thirty claims for relief.  In the Amended Complaint, Plaintiff alleges the following:

> I was arrested on February 19, 2015 by Grand Junction Police Department, on a Failure to Appear Warrant.
>
> When I asked to see the Warrant, I was told.
>
> 'We don't have to show you anything',
>
> When I ask by what authority are you arresting me? The Police Officer pointed at his Badge and pistol and said
>
> 'This Badge and Gun are my Authority'.
>
> When I demanded to see the Judge, after we arrived at the County Jail.
>
> The Police Officers and the Sheriff Deputies said,
>
> 'You will see the Judge when he/she is ready and not before'.
>
> Everything that was said and done to me from February 19, 2015 to March 09, 2015 is in clear violation of any and all State and Federal Acts, Codes, Laws, Ordinances, Rules and Statutes.  From the time of my arrest my Civil Rights have been violated by ALL of these entities, agents and individuals.  Now in order for Justice to occur there has to be an injured

party, proof of injury and someone or something that did the injury. I am the injured party and they did the crime. With their own records they prove my claim and I want them to pay for their wrongdoings.

(ECF No. 10, at 3).

In support of his claims, Plaintiff further alleges:

1. When I did get in front of the Judges in my cases, the Deputies with the different Sheriff's Departments told me not to speak until I was told to.

2. The District Attorneys [sic] Officers told me to Plead Guilty on the charges and get time served plus a fine or spend 6 months to a year in jail.

3. I was never shown an arrest warrant.

4. I was never shown the Authority from any one of the officers to do what they did.

5. It is illegal to Threaten, Coerce or intimidate someone to do anything against their will no matter who you are and this is nothing more than False arrest, illegal detention (false imprisonment), and malicious prosecution which are recognized as causes of action under Title 42, Section 1983. My health has done [sic] down the toilet because of all of this and it's not getting any better.

6. I was arrested by Grand Junction Police on February 19, 2015, taken to the Mesa County Sheriff's Office at that time.

7. On February 20, 2015 they took me to Eagle County Jail in Eagle Colorado, I was taken before the Judge on Monday February 24, 2015.

8. Eagle County took me on February 25, 2015 to Jefferson County Jail in Golden Colorado to wait for Pueblo County Sheriffs [sic] Deputy's to pick me up from there.

9. Pueblo County Sheriff took me and held me in their jail until March 09, 2015 when I was released.

10. We do not have debtors prisons in this country but I guess in the State of Colorado whatever the judges, district attorneys, cops and sheriff deputies say is just fine, and if, heaven forbid, someone stands up to make them pay for their wrong doings, oh well we will just have them

>killed and say that they were a terrorist and no one knows the difference.

(ECF No. 10, at 10).

Plaintiff then asserts that Defendants violated his civil rights because he was "detained, arrested and held against my will, denied medications, put in the hospital from the stress of [defendants'] actions and not allowed to see a judges [sic] in the proper time limit." (*See* ECF No. 10, at 12-49). Plaintiff requests the following relief: "All I want is what is required by Law for the following violations of these Laws "Title 15 USC 1&2, Title 18 USC 241, 242, 371, 2384, 2385 and Title 42 USC 1983, 1984, 1985, 1986" and I also need the Court to follow the Law for Title 18 USC 3771." (*Id.,* at 50).

## II. Analysis

### A. Rule 8

As explained in the December 16, 2015 Order Directing Plaintiff to File Amended Complaint, the twin purposes of a pleading are to give the opposing parties fair notice of the basis for the claims against them so that they may respond and to allow the Court to conclude that the allegations, if proven, show that the plaintiff is entitled to relief. *See Monument Builders of Greater Kansas City, Inc. v. American Cemetery Ass'n of Kansas*, 891 F.2d 1473, 1480 (10th Cir. 1989); *see also Nasious v. Two Unknown B.I.C.E. Agents*, 492 F.3d 1158, 1163 (10th Cir. 2007) (stating that a complaint "must explain what each defendant did to him or her; when the defendant did it; how the defendant's action harmed him or her; and, what specific legal right the plaintiff believes the defendant violated.").

The requirements of Rule 8 are designed to meet these purposes. *See TV*

*Communications Network, Inc. v. ESPN, Inc.*, 767 F. Supp. 1062, 1069 (D. Colo. 1991), *aff'd*, 964 F.2d 1022 (10th Cir. 1992). Specifically, Rule 8(a) provides that a complaint "must contain (1) a short and plain statement of the grounds for the court's jurisdiction, . . . (2) a short and plain statement of the claim showing that the pleader is entitled to relief; and (3) a demand for the relief sought." Furthermore, the philosophy of Rule 8(a) is reinforced by Rule 8(d)(1), which provides that "[e]ach allegation must be simple, concise, and direct." Taken together, Rules 8(a) and (d)(1) underscore the emphasis placed on clarity and brevity by the federal pleading rules. As a result, prolix, vague, or unintelligible pleadings violate the requirements of Rule 8.

Moreover, the general rule that *pro se* pleadings must be construed liberally has limits and "the court cannot take on the responsibility of serving as the litigant's attorney in constructing arguments and searching the record." *Garrett v. Selby Connor Maddux & Janer*, 425 F.3d 836, 840 (10th Cir. 2005); *see also United States v. Dunkel*, 927 F.2d 955, 956 (7th Cir. 1991) ("Judges are not like pigs, hunting for truffles buried in briefs."); *Ketchum v. Cruz,* 775 F. Supp. 1399, 1403 (D. Colo. 1991) (vague and conclusory allegations that his rights have been violated does not entitle a *pro se* pleader to a day in court regardless of how liberally the pleadings are construed), *aff'd*, 961 F.2d 916 (10th Cir. 1992). "[I]n analyzing the sufficiency of the plaintiff's complaint, the court need accept as true only the plaintiff's well-pleaded factual contentions, not his conclusory allegations." *Hall*, 935 F.2d at 1110.

Despite the specific instructions provided by Magistrate Judge Gallagher in the December 16 Order, Plaintiff has failed to file an Amended Complaint that complies with Rule 8 of the Federal Rules of Civil Procedure as directed. Even construing Plaintiff's

allegations liberally, the Amended Complaint does not provide a clear and concise statement of the thirty claims Plaintiff is asserting against Defendants that demonstrate he is entitled to relief in this action. As a result, Plaintiff fails to provide Defendants fair notice of the specific claims being asserted against them and the specific factual allegations that support each asserted claim.

Although the Amended Complaint fails to comply with Rule 8's pleading requirements, the Court discerns from Plaintiff's allegations that he may be attempting to assert claims for alleged violations of his constitutional rights pursuant to § 1983. These claims, however, suffer from the same flaws as the original Complaint.

### B. Eleventh Amendment Immunity

First, Plaintiff asserts claims against the State of Colorado, its agencies, and state officers sued in their official capacities, including the Colorado Department of Motor Vehicles, Governor John Hickenlooper, Colorado States Attorney General Cynthia Coffman, Colorado Secretary of State Wayne W. Williams, Mesa County District Attorney's Office, Eagle County District Attorney's Office, and Pueblo County District Attorney's Office ("the State Defendants"). *See e.g., Mahan v. Huber,* Civil Action No. 09-cv-00098-PAB-BNB, 2010 WL 749807, at *5 (D. Colo. Mar. 2, 2010) (Colorado Department of Motor Vehicles is a state agency protected by Eleventh Amendment immunity); *Romero v. Boulder County DA's Office,* 87 Fed. App'x 696, 698 (10th Cir. 2004) ("the district attorney is a state officer under Colorado law"). As such, Plaintiff's claims against the State Defendants are construed against the State of Colorado. *See Hafer v. Melo,* 502 U.S. 21, 25 (1991) ("Suits against state officials in their official capacity therefore should be treated as suits against the State").

Plaintiff was warned in the December 16 Order that the State, its agencies, and state officers acting in their official capacities are entitled to Eleventh Amendment immunity, absent a waiver. *See generally Fent v. Okla. Water Res. Bd.,* 235 F3d 553, 559 (10th Cir. 2000) (Eleventh Amendment immunity constitutes a bar to the exercise of federal subject matter jurisdiction); *Meade v. Grubbs,* 841 F.2d 1512, 1525 (10th Cir. 1988) (Eleventh Amendment immunity extends to the state, its instrumentalities, and its officers in their official capacities). Moreover, Congress did not abrogate Eleventh Amendment immunity through § 1983, *see Quern v. Jordan,* 440 U.S. 332, 345 (1979), nor has the State expressly waived its sovereign immunity, *see Griess v. Colorado*, 841 F.2d 1042, 1044-45 (10th Cir. 1988). The Eleventh Amendment prohibits suit against the State and its agencies, regardless of the relief sought. *See Higganbotham v. Okla. Transp. Com'n,* 328 F.3d 638, 644 (10th Cir. 2003). A plaintiff, however, may request prospective injunctive relief against a public official for actions taken pursuant to his official duties. *See Hunt v. Colorado Dep't of Corrections*, No. 07- 1400, 271 Fed. App'x 778, 780-81 (10th Cir. March 28, 2008) (recognizing that while the Eleventh Amendment bars claims against state officers in their official capacities for money damages and relief for prior acts, a plaintiff can seek prospective enforcement of his federal rights).

Here, Plaintiff does not request prospective injunctive relief. Accordingly, Plaintiff cannot obtain a money judgment or relief for past harms against the State, its agencies, and state officers sued in their official capacities. Therefore, Plaintiff's claims against the State Defendants are barred by the Eleventh Amendment and must be dismissed.

### C. Private Entities

Some of the named Defendants, including the American Bar Association and the Colorado Bar Association, are not state actors.  In order to establish a party's liability for an alleged violation of a civil right, a plaintiff must prove that the party is a state actor, or that the conduct of the party is "fairly attributable to the State."  *Pino v. Higgs,* 75 F.3d 1461, 1465 (10th Cir. 1996) ("In order to hold a private individual liable under § 1983 for a constitutional violation requiring state action, a plaintiff must show [ ] that the individual's conduct is 'fairly attributable to the State.'"); *Blum v. Yaretsky,* 457 U.S. 991, 1004 (1982) ("[C]onstitutional standards are invoked only when it can be said that the State is responsible for the specific conduct of which the plaintiff complains.").  While state action can be "present if a private party is a 'willful participant in joint action with the State or its agents,'" *Gallagher v. Neil Young Freedom Concert*, 49 F.3d 1442, 1453 (10th Cir.1995) (quoting *Dennis v. Sparks*, 449 U.S. 24, 27 (1980)), "the mere acquiescence of a state official in the actions of a private party is not sufficient," *id.* (citing *Flagg Bros. v. Brooks*, 436 U.S. 149, 164 (1978)).

Plaintiff was warned in the December 16 Order that the Complaint was deficient because there were no allegations to suggest that any actions of the defendants who are not state actors were fairly attributable to the State.  The Court finds that the Amended Complaint does not allege any facts to show that the American Bar Association and Colorado Bar Association engaged in action that is "fairly attributable to the State."  Therefore, the claims against the Defendants who are not state actors will be dismissed as legally frivolous.

**D.  Personal Participation**

The Amended Complaint also is deficient because Plaintiff fails to allege facts to show that each named Defendant was personally involved in a deprivation of his constitutional rights. Plaintiff was warned in the December 16 Order that personal participation is an essential element in a civil rights action. *See Bennett v. Passic*, 545 F.2d 1260, 1262-63 (10th Cir. 1976); *Kentucky v. Graham*, 473 U.S. 159, 166 (1985). There must be an affirmative link between the alleged constitutional violation and each defendant's participation, control or direction, or failure to supervise. *See Gallagher v. Shelton,* 587 F.3d 1063, 1069 (10th Cir.2009) (citations and quotations omitted); *Dodds v. Richardson*, 614 F.3d 1185, 1200-1201 (10th Cir. 2010). A supervisor can only be held liable for his or her own deliberate intentional acts. *See Ashcroft v. Iqbal*, 556 U.S. 662, 676 (2009); *Serna v. Colo. Dep't of Corrections*, 455 F.3d 1146, 1151 (10th Cir. 2006) ("Supervisors are only liable under § 1983 for their own culpable involvement in the violation of a person's constitutional rights."); *see also Fogarty v. Gallegos*, 523 F.3d 1147, 1162 (10th Cir. 2008) ("[Section] 1983 does not recognize a concept of strict supervisor liability; the defendant's role must be more than one of abstract authority over individuals who actually committed a constitutional violation."). Plaintiff's vague and conclusory allegations do not demonstrate that any of the named supervisory Defendants personally participated in the asserted constitutional violations.

In addition, it is generally improper to hold a municipality liable under § 1983 for the acts of its employees based on a theory of *respondeat superior. See Monell v. Dep't of Soc. Servs. Of New York,* 436 U.S. 658, 691-94 (1978). Rather, to hold a municipality liable, a plaintiff must show (1) the existence of a municipal custom or policy and (2) a direct causal link between the custom and policy and the violation

alleged. *See Schneider v. City of Grand Junction Police Dept.*, 717 F.3d 760, 769-71 (10th Cir. 2013) (discussing Supreme Court standards for municipal liability). The Amended Complaint contains no allegation of the existence of a municipal custom or policy, or that the custom or policy was causally linked to the alleged violation of constitutional rights. Thus, Plaintiff cannot maintain any claims against the municipality defendants, *i.e.*, Mesa County, City of Grand Junction, Eagle County, City of Eagle, City of Golden, Jefferson County, Pueblo County, and City of Pueblo.

Furthermore, the Mesa County Sheriff, Grand Junction Police Department, Eagle County Sheriff, Eagle County Jail, Jefferson County Sheriff, Jefferson County Jail, Pueblo County Sheriff, and Pueblo County Jail are not separate suable entities under § 1983. *See e.g., Martinez v. Winner,* 771 F.2d 424, 444 (10th Cir. 1985). Thus, any claims asserted against the county police departments, county sheriff departments, and county jails are construed as claims asserted against the municipality itself, and Plaintiff does not allege any municipal policy or custom that caused him injury.

Because Plaintiff's fails to allege specific facts to show how each named Defendant personally participated in an alleged deprivation of his constitutional rights, the claims against the named Defendants will be dismissed as legally frivolous.

### E. Judicial and Prosecutorial Immunity

The Amended Complaint also is deficient because Plaintiff names state court judges and state prosecutors as Defendants, including the Mesa County Court (All of the Judges and their Assistants), the Mesa County District Attorney's Office (All of the Officers and Assistants), the Eagle County District Attorney's Office (All of the Officers and Assistants), the Eagle County Courts (All of the Judges and their Assistants), the

Pueblo County Court (All of the Judges and their Assistants), and the Pueblo County District Attorney's Office (All of the Officers and Assistants).

Plaintiff was warned in the December 16 Order that judges are absolutely immune from a civil rights suit based on actions taken in their judicial capacity, unless they acted in the clear absence of all jurisdiction. *See Mireles v. Waco*, 502 U.S. 9, 11-12 (1991); *Stump v. Sparkman*, 435 U.S. 349, 356-57 (1978); *Hunt v. Bennett*, 17 F.3d 1263, 1266-67 (10th Cir. 1994). Judicial immunity "is not overcome by allegations of bad faith or malice," *Mireles*, 502 U.S. at 11, or an assertion that the judge acted in error or exceeded his authority, *see Stump*, 435 U.S. at 1105. Further, a judge acts in the clear absence of all jurisdiction only when he "acts clearly without any colorable claim of jurisdiction." *Snell v. Tunnell*, 920 F.2d 673, 686 (10th Cir.1990). Plaintiff does not state any specific facts in the Amended Complaint to indicate that the unnamed Defendant judges were acting outside of their judicial capacity.

In addition, state prosecutors are entitled to absolute immunity in § 1983 suits for activities within the scope of their prosecutorial duties. *See Imbler v. Pachtman*, 424 U.S. 409, 420-24 (1976); *see also Butz v. Economou*, 438 U.S. 478, 504 (1978). Initiating and pursuing a criminal prosecution are acts are "'intimately associated with the judicial process.'" *Snell,* 920 F.2d at 686 (quoting *Imbler*, 424 U.S. at 430). Plaintiff's allegations in the Amended Complaint suggest that he is suing the unnamed prosecutor defendants for actions taken in the course of their prosecutorial duties. As such, Plaintiff's claims against the unnamed county court judges and state prosecutors in the district attorney's offices are barred by absolute immunity.

**F. False Arrest and Imprisonment Claim**

To the extent, Plaintiff attempts to assert a claim for false arrest or false imprisonment, the claim fails. As explained in the December 16 Order, state tort law provides the starting point for analyzing constitutional claims for wrongful arrest and detention under § 1983; however, the ultimate inquiry is whether there has been a deprivation of a constitutional right. *Grubbs v. Bailes*, 445 F.3d 1275, 1278 (10th Cir. 2006) (internal citations omitted). Under Colorado law, false arrest arises when an individual is taken into custody by a police officer who claims but does not have probable cause to believe that an offense has been committed and that the person who was arrested committed it. *See Enright v. Groves*, 560 P.2d 851, 853 (Colo.App.1977) (citing W. Prosser, Torts s 11 (4th ed.)).

Plaintiff does not allege that he was arrested and detained without probable cause. Specifically, Plaintiff concedes that he was arrested on December 19, 2015 "on a Failure to Appear Warrant." (ECF No. 10, at 3). As such, Plaintiff was not imprisoned without legal process to support a claim for false arrest or false imprisonment. *See e.g., Wallace v. Kato,* 549 U.S. 384, 389 (2007) ("Reflective of the fact that false imprisonment consists of detention without legal process, a false imprisonment ends once the victim becomes held *pursuant to such process*—when, for example, he is bound over by a magistrate or arraigned on charges."); *Wilkins v. DeReyes,* 528 F.3d 790, 799 (10th Cir. 2006) (the "issuance of an arrest warrant represents a classic example of the institution of legal process."). Therefore, Plaintiff's false imprisonment or false arrest claim will be dismissed as legally frivolous.

**G. Malicious Prosecution Claim**

To the extent Plaintiff attempts to assert a claim for malicious prosecution, the claim also fails. As noted in the December 16 Order, a malicious prosecution claim brought under the Fourth Amendment requires a showing that "(1) the defendant caused the plaintiff's continued confinement or prosecution; (2) the original action terminated in favor of the plaintiff; (3) no probable cause supported the original arrest, continued confinement, or prosecution; (4) the defendant acted with malice; and (5) the plaintiff sustained damages." *Wilkins,* 528 F.3d at 799. Malice may be inferred if a defendant causes the prosecution without arguable probable cause. *See id.* at 800-01 (malice may be inferred from intentional or reckless behavior).

Most important, Plaintiff does not allege that the charge was ultimately terminated in his favor, a necessary element of a § 1983 malicious prosecution claim. *See Wilkins*, 528 F.3d at 799. Thus, the malicious prosecution claim will be dismissed as legally frivolous.

### III.  Orders

For the reasons discussed above, it is

ORDERED that the claims in the Amended Complaint (ECF No. 10) are DISMISSED pursuant to § 1915(e)(2)(B) as frivolous, malicious, or seeking monetary relief against a defendant who is immune from such relief. It is

FURTHER ORDERED that leave to proceed *in forma pauperis* on appeal is DENIED for the purpose of appeal. The Court certifies pursuant to 28 U.S.C. § 1915(a)(3) that any appeal from this order would not be taken in good faith. *See Coppedge v. United States*, 369 U.S. 438 (1962). If Plaintiff files a notice of appeal he must also pay the full $505 appellate filing fee or file a motion to proceed in forma

pauperis in the United States Court of Appeals for the Tenth Circuit within thirty days in accordance with Fed. R. App. P. 24.  It is

FURTHER ORDERED that all pending motions are DENIED as moot.

Dated February 8, 2016, at Denver, Colorado.

                                  BY THE COURT:

                                  s/Lewis T. Babcock
                                  LEWIS T. BABCOCK, Senior Judge
                                  United States District Court