APPEAL,JD3,PS4,TERMED

# U.S. District Court
## District of Colorado (Denver)
## CIVIL DOCKET FOR CASE #: 1:15–cv–02336–LTB

| | |
|---|---|
| Hutson v. State of Colorado et al | Date Filed: 10/19/2015 |
| Assigned to: Judge Lewis T. Babcock | Date Terminated: 02/08/2016 |
| Demand: $999,000 | Jury Demand: None |
| Cause: 28:1983 Civil Rights | Nature of Suit: 440 Civil Rights: Other |
| | Jurisdiction: Federal Question |

**Defendant**

**City of Grand Junction/Grand Junction
Police Department**
*The Chief of Police and Everyone Under
Him Down to the Meter Maid*
*TERMINATED: 01/05/2016*

**Plaintiff**

**Rocky–Lee: Hutson**                    represented by    **Rocky–Lee: Hutson**
525 1/2 32 1/8 Road
Clifton, CO 81520–9998
970–589–2336
PRO SE

V.

**Defendant**

**State of Colorado**

**Defendant**

**John Hickenlooper**
*Governer*

**Defendant**

**Cynthia H. Coffman**
*Colorado States Attorney General*

**Defendant**

**Wayne W. Williams**
*Colorado Sectretary of State*

**Defendant**

**Colorado Department of Motor
Vehicles**
*all of the officers and assistants*

**<u>Defendant</u>**

**American Bar Assocation**
*All Licensed Bar Attorneys and Assistants*

**<u>Defendant</u>**

**Colorado Bar Association**
*All Licensed Bar Attorneys and Assistants*

**<u>Defendant</u>**

**Mesa County Court**
*All of the Judges and their Assistants*

**<u>Defendant</u>**

**Mesa County District Attorney's Office**
*All of the Officers and Assistants*

**<u>Defendant</u>**

**Mesa County**

**<u>Defendant</u>**

**Matt Lewis**
*Mesa County/Mesa County Sheriff*

**<u>Defendant</u>**

**Mesa County Jail**
*All of the Officers and Assistants*

**<u>Defendant</u>**

**City of Grand Junction**

**<u>Defendant</u>**

**Grand Junction Police Department**
*The Chief of Police and everyone under
him down to the meter maid*

**<u>Defendant</u>**

**Eagle County**

**<u>Defendant</u>**

**James Van Beek**
*Eagle County/Eagle Count Sheriff*

**<u>Defendant</u>**

**Eagle County Jail**
*All Deputies in the Sheriff's Department*

**<u>Defendant</u>**

2

**City of Eagle**

**Defendant**

**Eagle County District Attorney's Office**
*all of the officers and assistants*

**Defendant**

**Eagle County Courts**
*All of the Judges and Their Assistants*

**Defendant**

**City of Golden**

**Defendant**

**Jefferson County**

**Defendant**

**Jeff Shrader**
*Jefferson County Sheriff*

**Defendant**

**Jefferson County Jail**
*All Deputies in the Sheriff's Department*

**Defendant**

**Pueblo County**

**Defendant**

**Kirk M. Taylor**
*Pueblo County Sheriff*

**Defendant**

**Pueblo County Jail**
*All Deputies in the Sheriff's Department*

**Defendant**

**Pueblo County Court**
*All of the Judges and Their Assistants*

**Defendant**

**City of Pueblo**

**Defendant**

**Pueblo County District Attorney's Office**
*All of the Officers and Assistants*

| Date Filed | # | Page | Docket Text |
|---|---|---|---|
| 10/19/2015 | 1 | | COMPLAINT against American Bar Assocation, City of Eagle, City of Golden, City of Grand Junction/Grand Junction Police Department, City of Pueblo, Cynthia H. Coffman, Colorado Bar Association, Colorado Deparment of Motor Vehickels, Eagle County Courts, Eagle County Jail, Eagle CountyDistrict Attorney's Office, John Hickenlooper, Jefferson County Jail, Matt Lewis, Mesa County Court, Mesa County District Attorney's Office, Mesa County Jail, Pueblo County Court, Pueblo County District Attorney's Office, Pueblo County Jail, Jeff Shrader, State of Colorado, Kirk M. Taylor, James Van Beek, Wayne W. Williams, filed by Rocky–Lee: Hutson. (Attachments: # 1 Envelope)(amenz, ) (Entered: 10/22/2015) |
| 10/19/2015 | 2 | | APPLICATION to Proceed in District Court without Prepaying Fees or Costs by Plaintiff Rocky–Lee: Hutson. (amenz, ) (Entered: 10/22/2015) |
| 10/19/2015 | 3 | | Case assigned to Magistrate Judge Gordon P. Gallagher.Text Only Entry. (amenz, ) (Entered: 10/22/2015) |
| 10/22/2015 | 4 | | ORDER DIRECTING PLAINTIFF TO CURE DEFICIENCIES by Magistrate Judge Gordon P. Gallagher on 10/22/15. (dkals, ) (Entered: 10/22/2015) |
| 10/30/2015 | 5 | | MOTION and Affidavit for Leave to Proceed Under 28 U.S.C. 1915 by Plaintiff Rocky–Lee: Hutson. (dkals, ) (Entered: 11/02/2015) |
| 11/25/2015 | 6 | | ORDER granting 5 Application to Proceed in District Court Without Prepaying Fees or Costs, and denying as moot 2 Application to Proceed in District Court Without Prepaying Fees or Costs, by Magistrate Judge Gordon P. Gallagher on 11/25/15.(dkals, ) (Entered: 11/25/2015) |
| 12/10/2015 | 7 | | TENDERED [AMENDED] COMPLAINT against American Bar Assocation, City of Golden, City of Grand Junction/Grand Junction Police Department, Cynthia H. Coffman, Colorado Bar Association, Colorado Deparment of Motor Vehickels, Eagle County Courts, Eagle County Jail, Eagle CountyDistrict Attorney's Office, John Hickenlooper, Jefferson County Jail, Mesa County Court, Mesa County District Attorney's Office, Mesa County Jail, Pueblo County Court, Pueblo County District Attorney's Office, Pueblo County Jail, State of Colorado, Wayne W. Williams, filed by Rocky–Lee: Hutson.(dkals, ) (Entered: 12/11/2015) |
| 12/16/2015 | 8 | | ORDER DIRECTING PLAINTIFF TO FILE AMENDED COMPLAINT by Magistrate Judge Gordon P. Gallagher on 12/16/15. (dkals, ) (Entered: 12/17/2015) |
| 01/04/2016 | 9 | | LETTER to the Court filed by Plaintiff Rocky–Lee: Hutson. (jhawk, ) (Entered: 01/05/2016) |
| 01/04/2016 | 10 | | AMENDED COMPLAINT against American Bar Assocation, City of Eagle, City of Golden, City of Grand Junction, Grand Junction Police Department, City of Pueblo, Cynthia H. Coffman, Colorado Bar Association, Colorado Deparment of Motor Vehickels, Eagle County Courts, Eagle County Jail, Eagle CountyDistrict Attorney's Office, John Hickenlooper, Jefferson County Jail, Matt Lewis, Mesa County Court, Mesa County District Attorney's Office, Mesa County Jail, Pueblo County Court, Pueblo County District Attorney's |

| | | | |
|---|---|---|---|
| | | | Office, Pueblo County Jail, Jeff Shrader, State of Colorado, Kirk M. Taylor, James Van Beek, Wayne W. Williams, filed by Rocky−Lee: Hutson.(agarc, ) (Entered: 01/05/2016) |
| 01/11/2016 | 11 | | LETTER re: "FastTrack" by Plaintiff Rocky−Lee: Hutson. (dkals, ) (Entered: 01/12/2016) |
| 02/08/2016 | 12 | 6 | ORDER dismissing this action, and denying leave to proceed in forma pauperis on appeal, by Judge Lewis T. Babcock on 2/8/16. (dkals, ) (Entered: 02/08/2016) |
| 02/08/2016 | 13 | 22 | JUDGMENT pursuant to 12 Order by Clerk on 2/8/16. (dkals, ) (Entered: 02/08/2016) |
| 02/29/2016 | 14 | 24 | NOTICE OF APPEAL as to 13 Judgment, 12 Order by Plaintiff Rocky−Lee: Hutson. (dkals, ) (Entered: 03/01/2016) |

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 15-cv-02336-GPG

ROCKY-LEE: HUTSON,

      Plaintiff,

v.

STATE OF COLORADO,
GOVERNOR: JOHN HICKENLOOPER,
COLORADO STATES ATTORNEY GENERAL: CYNTHIA H. COFFMAN,
COLORADO SECRETARY OF STATE: WAYNE W. WILLIAMS,
COLORADO DEPARTMENT OF MOTOR VEHICLES: (All of the Officers and
      Assistants),
AMERICAN BAR ASSOCIATION: (All licensed bar attorneys and assistants),
COLORADO BAR ASSOCIATION: (All licensed bar attorney and assistants),
MESA COUNTY COURT: (All of the Judges and their assistants),
MESA COUNTY DISTRICT ATTORNEY'S OFFICE: (All of the officers and assistants),
MESA COUNTY,
MESA COUNTY SHERIFF: MATT LEWIS,
MESA COUNTY JAIL: (All deputies in the Sheriff's Department),
CITY OF GRAND JUNCTION,
GRAND JUNCTION POLICE DEPARTMENT (The Chief of Police and everyone under
      him down to the meter maid),
EAGLE COUNTY,
EAGLE COUNTY SHERIFF: JAMES VAN BEEK,
EAGLE COUNTY JAIL: (All deputies in the Sheriff's Department),
CITY OF EAGLE,
EAGLE COUNTY DISTRICT ATTORNEY'S OFFICE (All of the officers and assistants),
EAGLE COUNTY COURTS (All of the Judges and their Assistants),
CITY OF GOLDEN,
JEFFERSON COUNTY,
JEFFERSON COUNTY SHERIFF: JEFF SHRADER,
JEFFERSON COUNTY JAIL (All deputies in the Sheriff's Department),
PUEBLO COUNTY,
PUEBLO COUNTY SHERIFF: KIRK M. TAYLOR,
PUEBLO COUNTY JAIL (All deputies in the Sheriff's Department),
PUEBLO COUNTY COURT: (All of the Judges and their assistants),
CITY OF PUEBLO, and
PUEBLO COUTNY DISTRICT ATTORNEY'S OFFICE (All of the officers and
      assistants),

      Defendants.

1

---

ORDER OF DISMISSAL

---

On December 10, 2015, Plaintiff Rocky-Lee: Hutson filed on the Court-approved form a Complaint (ECF No. 7) pursuant to 42 U.S.C. § 1983 naming thirty defendants and asserting thirty claims for relief.

On December 16, 2015, Magistrate Judge Gordon P. Gallagher reviewed the Complaint and determined that it was deficient because (1) it did not comply with the pleading requirements of Rule 8 of the Federal Rules of Civil Procedure; (2) many of the Defendants were entitled to Eleventh Amendment immunity; (3) some of the Defendants were private entities and there were no allegations of state action; (4) some of the Defendants were entitled to absolute judicial and prosecutorial immunity; (5) Plaintiff failed to allege facts showing that each named Defendant personally participated in a deprivation of his constitutional rights; and (6) Plaintiff failed to allege facts supporting a § 1983 claim for false arrest and imprisonment or malicious prosecution. (*See* ECF No. 8). Accordingly, Magistrate Judge Gallagher directed Plaintiff to file an Amended Complaint that complied with the directives of the December 16 Order. (*Id.*). On January 4, 2016, Plaintiff filed an Amended Complaint (ECF No. 10) naming the same thirty defendants and asserting the same thirty claims for relief.

Plaintiff has been granted leave to proceed *in forma pauperis* pursuant to 28 U.S.C. § 1915. Subsection (e)(2)(B) of § 1915 requires a court to dismiss *sua sponte* an action at any time if the action is frivolous, malicious, or seeks monetary relief against a defendant who is immune from such relief. A legally frivolous claim is one in which the plaintiff asserts the violation of a legal interest that clearly does not exist or

2

asserts facts that do not support an arguable claim. *Neitzke v. Williams*, 490 U.S. 319, 324 (1989).

The Court construes the Amended Complaint liberally because Plaintiff is not represented by an attorney. *See Haines v. Kerner*, 404 U.S. 519, 520-21 (1972); *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991). However, the Court should not be the *pro se* litigant's advocate. *Hall*, 935 F.2d at 1110. For the reasons discussed below, this action will be dismissed.

## I.  The Amended Complaint

The Amended Complaint does nothing to clarify the allegations of the initial Complaint and names the same thirty Defendants and re-asserts the same thirty claims for relief. In the Amended Complaint, Plaintiff alleges the following:

> I was arrested on February 19, 2015 by Grand Junction Police Department, on a Failure to Appear Warrant.
>
> When I asked to see the Warrant, I was told.
>
> 'We don't have to show you anything',
>
> When I ask by what authority are you arresting me? The Police Officer pointed at his Badge and pistol and said
>
> 'This Badge and Gun are my Authority'.
>
> When I demanded to see the Judge, after we arrived at the County Jail.
>
>  The Police Officers and the Sheriff Deputies said,
>
> 'You will see the Judge when he/she is ready and not before'.
>
> Everything that was said and done to me from February 19, 2015 to March 09, 2015 is in clear violation of any and all State and Federal Acts, Codes, Laws, Ordinances, Rules and Statutes. From the time of my arrest my Civil Rights have been violated by ALL of these entities, agents and individuals. Now in order for Justice to occur there has to be an injured

party, proof of injury and someone or something that did the injury. I am the injured party and they did the crime. With their own records they prove my claim and I want them to pay for their wrongdoings.

(ECF No. 10, at 3).

In support of his claims, Plaintiff further alleges:

1. When I did get in front of the Judges in my cases, the Deputies with the different Sheriff's Departments told me not to speak until I was told to.

2. The District Attorneys [sic] Officers told me to Plead Guilty on the charges and get time served plus a fine or spend 6 months to a year in jail.

3. I was never shown an arrest warrant.

4. I was never shown the Authority from any one of the officers to do what they did.

5. It is illegal to Threaten, Coerce or intimidate someone to do anything against their will no matter who you are and this is nothing more than False arrest, illegal detention (false imprisonment), and malicious prosecution which are recognized as causes of action under Title 42, Section 1983. My health has done [sic] down the toilet because of all of this and it's not getting any better.

6. I was arrested by Grand Junction Police on February 19, 2015, taken to the Mesa County Sheriff's Office at that time.

7. On February 20, 2015 they took me to Eagle County Jail in Eagle Colorado, I was taken before the Judge on Monday February 24, 2015.

8. Eagle County took me on February 25, 2015 to Jefferson County Jail in Golden Colorado to wait for Pueblo County Sheriffs [sic] Deputy's to pick me up from there.

9. Pueblo County Sheriff took me and held me in their jail until March 09, 2015 when I was released.

10. We do not have debtors prisons in this country but I guess in the State of Colorado whatever the judges, district attorneys, cops and sheriff deputies say is just fine, and if, heaven forbid, someone stands up to make them pay for their wrong doings, oh well we will just have them

killed and say that they were a terrorist and no one knows the difference.

(ECF No. 10, at 10).

Plaintiff then asserts that Defendants violated his civil rights because he was "detained, arrested and held against my will, denied medications, put in the hospital from the stress of [defendants'] actions and not allowed to see a judges [sic] in the proper time limit." (*See* ECF No. 10, at 12-49). Plaintiff requests the following relief: "All I want is what is required by Law for the following violations of these Laws "Title 15 USC 1&2, Title 18 USC 241, 242, 371, 2384, 2385 and Title 42 USC 1983, 1984, 1985, 1986" and I also need the Court to follow the Law for Title 18 USC 3771." (*Id.,* at 50).

## II. Analysis

### A. Rule 8

As explained in the December 16, 2015 Order Directing Plaintiff to File Amended Complaint, the twin purposes of a pleading are to give the opposing parties fair notice of the basis for the claims against them so that they may respond and to allow the Court to conclude that the allegations, if proven, show that the plaintiff is entitled to relief. *See Monument Builders of Greater Kansas City, Inc. v. American Cemetery Ass'n of Kansas*, 891 F.2d 1473, 1480 (10th Cir. 1989); *see also Nasious v. Two Unknown B.I.C.E. Agents*, 492 F.3d 1158, 1163 (10th Cir. 2007) (stating that a complaint "must explain what each defendant did to him or her; when the defendant did it; how the defendant's action harmed him or her; and, what specific legal right the plaintiff believes the defendant violated.").

The requirements of Rule 8 are designed to meet these purposes. *See TV*

5

*Communications Network, Inc. v. ESPN, Inc.*, 767 F. Supp. 1062, 1069 (D. Colo. 1991),

*aff'd*, 964 F.2d 1022 (10th Cir. 1992). Specifically, Rule 8(a) provides that a complaint

"must contain (1) a short and plain statement of the grounds for the court's jurisdiction, .

. . (2) a short and plain statement of the claim showing that the pleader is entitled to

relief; and (3) a demand for the relief sought." Furthermore, the philosophy of Rule 8(a)

is reinforced by Rule 8(d)(1), which provides that "[e]ach allegation must be simple,

concise, and direct." Taken together, Rules 8(a) and (d)(1) underscore the emphasis

placed on clarity and brevity by the federal pleading rules. As a result, prolix, vague, or

unintelligible pleadings violate the requirements of Rule 8.

Moreover, the general rule that *pro se* pleadings must be construed liberally has

limits and "the court cannot take on the responsibility of serving as the litigant's attorney

in constructing arguments and searching the record." *Garrett v. Selby Connor Maddux*

*& Janer*, 425 F.3d 836, 840 (10th Cir. 2005); *see also United States v. Dunkel*, 927 F.2d

955, 956 (7th Cir. 1991) ("Judges are not like pigs, hunting for truffles buried in briefs.");

*Ketchum v. Cruz*, 775 F. Supp. 1399, 1403 (D. Colo. 1991) (vague and conclusory

allegations that his rights have been violated does not entitle a *pro se* pleader to a day

in court regardless of how liberally the pleadings are construed), *aff'd*, 961 F.2d 916

(10th Cir. 1992). "[I]n analyzing the sufficiency of the plaintiff's complaint, the court

need accept as true only the plaintiff's well-pleaded factual contentions, not his

conclusory allegations." *Hall*, 935 F.2d at 1110.

Despite the specific instructions provided by Magistrate Judge Gallagher in the

December 16 Order, Plaintiff has failed to file an Amended Complaint that complies with

Rule 8 of the Federal Rules of Civil Procedure as directed. Even construing Plaintiff's

6

allegations liberally, the Amended Complaint does not provide a clear and concise statement of the thirty claims Plaintiff is asserting against Defendants that demonstrate he is entitled to relief in this action. As a result, Plaintiff fails to provide Defendants fair notice of the specific claims being asserted against them and the specific factual allegations that support each asserted claim.

Although the Amended Complaint fails to comply with Rule 8's pleading requirements, the Court discerns from Plaintiff's allegations that he may be attempting to assert claims for alleged violations of his constitutional rights pursuant to § 1983. These claims, however, suffer from the same flaws as the original Complaint.

### B. Eleventh Amendment Immunity

First, Plaintiff asserts claims against the State of Colorado, its agencies, and state officers sued in their official capacities, including the Colorado Department of Motor Vehicles, Governor John Hickenlooper, Colorado States Attorney General Cynthia Coffman, Colorado Secretary of State Wayne W. Williams, Mesa County District Attorney's Office, Eagle County District Attorney's Office, and Pueblo County District Attorney's Office ("the State Defendants"). *See e.g., Mahan v. Huber,* Civil Action No. 09-cv-00098-PAB-BNB, 2010 WL 749807, at *5 (D. Colo. Mar. 2, 2010) (Colorado Department of Motor Vehicles is a state agency protected by Eleventh Amendment immunity); *Romero v. Boulder County DA's Office,* 87 Fed. App'x 696, 698 (10th Cir. 2004) ("the district attorney is a state officer under Colorado law"). As such, Plaintiff's claims against the State Defendants are construed against the State of Colorado. *See Hafer v. Melo,* 502 U.S. 21, 25 (1991) ("Suits against state officials in their official capacity therefore should be treated as suits against the State").

7

Plaintiff was warned in the December 16 Order that the State, its agencies, and state officers acting in their official capacities are entitled to Eleventh Amendment immunity, absent a waiver. *See generally Fent v. Okla. Water Res. Bd.,* 235 F3d 553, 559 (10th Cir. 2000) (Eleventh Amendment immunity constitutes a bar to the exercise of federal subject matter jurisdiction); *Meade v. Grubbs,* 841 F.2d 1512, 1525 (10th Cir. 1988) (Eleventh Amendment immunity extends to the state, its instrumentalities, and its officers in their official capacities). Moreover, Congress did not abrogate Eleventh Amendment immunity through § 1983, *see Quern v. Jordan,* 440 U.S. 332, 345 (1979), nor has the State expressly waived its sovereign immunity, *see Griess v. Colorado*, 841 F.2d 1042, 1044-45 (10th Cir. 1988). The Eleventh Amendment prohibits suit against the State and its agencies, regardless of the relief sought. *See Higganbotham v. Okla. Transp. Com'n,* 328 F.3d 638, 644 (10th Cir. 2003). A plaintiff, however, may request prospective injunctive relief against a public official for actions taken pursuant to his official duties. *See Hunt v. Colorado Dep't of Corrections*, No. 07- 1400, 271 Fed. App'x 778, 780-81 (10th Cir. March 28, 2008) (recognizing that while the Eleventh Amendment bars claims against state officers in their official capacities for money damages and relief for prior acts, a plaintiff can seek prospective enforcement of his federal rights).

Here, Plaintiff does not request prospective injunctive relief. Accordingly, Plaintiff cannot obtain a money judgment or relief for past harms against the State, its agencies, and state officers sued in their official capacities. Therefore, Plaintiff's claims against the State Defendants are barred by the Eleventh Amendment and must be dismissed.

## C. Private Entities

8

Some of the named Defendants, including the American Bar Association and the Colorado Bar Association, are not state actors. In order to establish a party's liability for an alleged violation of a civil right, a plaintiff must prove that the party is a state actor, or that the conduct of the party is "fairly attributable to the State." *Pino v. Higgs,* 75 F.3d 1461, 1465 (10th Cir. 1996) ("In order to hold a private individual liable under § 1983 for a constitutional violation requiring state action, a plaintiff must show [ ] that the individual's conduct is 'fairly attributable to the State.'"); *Blum v. Yaretsky,* 457 U.S. 991, 1004 (1982) ("[C]onstitutional standards are invoked only when it can be said that the State is responsible for the specific conduct of which the plaintiff complains."). While state action can be "present if a private party is a 'willful participant in joint action with the State or its agents,'" *Gallagher v. Neil Young Freedom Concert*, 49 F.3d 1442, 1453 (10th Cir.1995) (quoting *Dennis v. Sparks*, 449 U.S. 24, 27 (1980)), "the mere acquiescence of a state official in the actions of a private party is not sufficient," *id*. (citing *Flagg Bros. v. Brooks*, 436 U.S. 149, 164 (1978)).

Plaintiff was warned in the December 16 Order that the Complaint was deficient because there were no allegations to suggest that any actions of the defendants who are not state actors were fairly attributable to the State. The Court finds that the Amended Complaint does not allege any facts to show that the American Bar Association and Colorado Bar Association engaged in action that is "fairly attributable to the State." Therefore, the claims against the Defendants who are not state actors will be dismissed as legally frivolous.

### D. Personal Participation

9

The Amended Complaint also is deficient because Plaintiff fails to allege facts to show that each named Defendant was personally involved in a deprivation of his constitutional rights. Plaintiff was warned in the December 16 Order that personal participation is an essential element in a civil rights action. *See Bennett v. Passic*, 545 F.2d 1260, 1262-63 (10th Cir. 1976); *Kentucky v. Graham*, 473 U.S. 159, 166 (1985). There must be an affirmative link between the alleged constitutional violation and each defendant's participation, control or direction, or failure to supervise. *See Gallagher v. Shelton*, 587 F.3d 1063, 1069 (10th Cir.2009) (citations and quotations omitted); *Dodds v. Richardson*, 614 F.3d 1185, 1200-1201 (10th Cir. 2010). A supervisor can only be held liable for his or her own deliberate intentional acts. *See Ashcroft v. Iqbal*, 556 U.S. 662, 676 (2009); *Serna v. Colo. Dep't of Corrections*, 455 F.3d 1146, 1151 (10th Cir. 2006) ("Supervisors are only liable under § 1983 for their own culpable involvement in the violation of a person's constitutional rights."); *see also Fogarty v. Gallegos*, 523 F.3d 1147, 1162 (10th Cir. 2008) ("[Section] 1983 does not recognize a concept of strict supervisor liability; the defendant's role must be more than one of abstract authority over individuals who actually committed a constitutional violation."). Plaintiff's vague and conclusory allegations do not demonstrate that any of the named supervisory Defendants personally participated in the asserted constitutional violations.

In addition, it is generally improper to hold a municipality liable under § 1983 for the acts of its employees based on a theory of *respondeat superior*. *See Monell v. Dep't of Soc. Servs. Of New York*, 436 U.S. 658, 691-94 (1978). Rather, to hold a municipality liable, a plaintiff must show (1) the existence of a municipal custom or policy and (2) a direct causal link between the custom and policy and the violation

alleged.  *See Schneider v. City of Grand Junction Police Dept.*, 717 F.3d 760, 769-71 (10th Cir. 2013) (discussing Supreme Court standards for municipal liability).  The Amended Complaint contains no allegation of the existence of a municipal custom or policy, or that the custom or policy was causally linked to the alleged violation of constitutional rights.  Thus, Plaintiff cannot maintain any claims against the municipality defendants, *i.e.*, Mesa County, City of Grand Junction, Eagle County, City of Eagle, City of Golden, Jefferson County, Pueblo County, and City of Pueblo.

Furthermore, the Mesa County Sheriff, Grand Junction Police Department, Eagle County Sheriff, Eagle County Jail, Jefferson County Sheriff, Jefferson County Jail, Pueblo County Sheriff, and Pueblo County Jail are not separate suable entities under § 1983.  *See e.g., Martinez v. Winner,* 771 F.2d 424, 444 (10th Cir. 1985).   Thus, any claims asserted against the county police departments, county sheriff departments, and county jails are construed as claims asserted against the municipality itself, and Plaintiff does not allege any municipal policy or custom that caused him injury.

Because Plaintiff's fails to allege specific facts to show how each named Defendant personally participated in an alleged deprivation of his constitutional rights, the claims against the named Defendants will be dismissed as legally frivolous.

### E.  Judicial and Prosecutorial Immunity

The Amended Complaint also is deficient because Plaintiff names state court judges and state prosecutors as Defendants, including the Mesa County Court (All of the Judges and their Assistants), the Mesa County District Attorney's Office (All of the Officers and Assistants), the Eagle County District Attorney's Office (All of the Officers and Assistants), the Eagle County Courts (All of the Judges and their Assistants), the

11

Pueblo County Court (All of the Judges and their Assistants), and the Pueblo County

District Attorney's Office (All of the Officers and Assistants).

Plaintiff was warned in the December 16 Order that judges are absolutely

immune from a civil rights suit based on actions taken in their judicial capacity, unless

they acted in the clear absence of all jurisdiction. *See Mireles v. Waco*, 502 U.S. 9, 11-

12 (1991); *Stump v. Sparkman*, 435 U.S. 349, 356-57 (1978); *Hunt v. Bennett*, 17 F.3d

1263, 1266-67 (10th Cir. 1994). Judicial immunity "is not overcome by allegations of

bad faith or malice," *Mireles*, 502 U.S. at 11, or an assertion that the judge acted in error

or exceeded his authority, *see Stump*, 435 U.S. at 1105. Further, a judge acts in the

clear absence of all jurisdiction only when he "acts clearly without any colorable claim of

jurisdiction." *Snell v. Tunnell*, 920 F.2d 673, 686 (10th Cir.1990). Plaintiff does not

state any specific facts in the Amended Complaint to indicate that the unnamed

Defendant judges were acting outside of their judicial capacity.

In addition, state prosecutors are entitled to absolute immunity in § 1983 suits for

activities within the scope of their prosecutorial duties. *See Imbler v. Pachtman*, 424

U.S. 409, 420-24 (1976); *see also Butz v. Economou*, 438 U.S. 478, 504 (1978).

Initiating and pursuing a criminal prosecution are acts are "'intimately associated with

the judicial process.'" *Snell,* 920 F.2d at 686 (quoting *Imbler*, 424 U.S. at 430).

Plaintiff's allegations in the Amended Complaint suggest that he is suing the unnamed

prosecutor defendants for actions taken in the course of their prosecutorial duties. As

such, Plaintiff's claims against the unnamed county court judges and state prosecutors

in the district attorney's offices are barred by absolute immunity.

**F. False Arrest and Imprisonment Claim**

12

To the extent, Plaintiff attempts to assert a claim for false arrest or false imprisonment, the claim fails. As explained in the December 16 Order, state tort law provides the starting point for analyzing constitutional claims for wrongful arrest and detention under § 1983; however, the ultimate inquiry is whether there has been a deprivation of a constitutional right. *Grubbs v. Bailes*, 445 F.3d 1275, 1278 (10th Cir. 2006) (internal citations omitted). Under Colorado law, false arrest arises when an individual is taken into custody by a police officer who claims but does not have probable cause to believe that an offense has been committed and that the person who was arrested committed it. *See Enright v. Groves*, 560 P.2d 851, 853 (Colo.App.1977) (citing W. Prosser, Torts s 11 (4th ed.)).

Plaintiff does not allege that he was arrested and detained without probable cause. Specifically, Plaintiff concedes that he was arrested on December 19, 2015 "on a Failure to Appear Warrant." (ECF No. 10, at 3). As such, Plaintiff was not imprisoned without legal process to support a claim for false arrest or false imprisonment. *See e.g., Wallace v. Kato,* 549 U.S. 384, 389 (2007) ("Reflective of the fact that false imprisonment consists of detention without legal process, a false imprisonment ends once the victim becomes held *pursuant to such process*—when, for example, he is bound over by a magistrate or arraigned on charges."); *Wilkins v. DeReyes,* 528 F.3d 790, 799 (10th Cir. 2006) (the "issuance of an arrest warrant represents a classic example of the institution of legal process."). Therefore, Plaintiff's false imprisonment or false arrest claim will be dismissed as legally frivolous.

## G. Malicious Prosecution Claim

13

To the extent Plaintiff attempts to assert a claim for malicious prosecution, the claim also fails.  As noted in the December 16 Order, a malicious prosecution claim brought under the Fourth Amendment requires a showing that "(1) the defendant caused the plaintiff's continued confinement or prosecution; (2) the original action terminated in favor of the plaintiff; (3) no probable cause supported the original arrest, continued confinement, or prosecution; (4) the defendant acted with malice; and (5) the plaintiff sustained damages." *Wilkins,* 528 F.3d at 799.  Malice may be inferred if a defendant causes the prosecution without arguable probable cause.  *See id.* at 800-01 (malice may be inferred from intentional or reckless behavior).

Most important, Plaintiff does not allege that the charge was ultimately terminated in his favor, a necessary element of a § 1983 malicious prosecution claim. *See Wilkins*, 528 F.3d at 799.  Thus, the malicious prosecution claim will be dismissed as legally frivolous.

## III.  Orders

For the reasons discussed above, it is

ORDERED that the claims in the Amended Complaint (ECF No. 10) are DISMISSED pursuant to § 1915(e)(2)(B) as frivolous, malicious, or seeking monetary relief against a defendant who is immune from such relief.  It is

FURTHER ORDERED that leave to proceed *in forma pauperis* on appeal is DENIED for the purpose of appeal.  The Court certifies pursuant to 28 U.S.C. § 1915(a)(3) that any appeal from this order would not be taken in good faith.  *See Coppedge v. United States*, 369 U.S. 438 (1962).  If Plaintiff files a notice of appeal he must also pay the full $505 appellate filing fee or file a motion to proceed in forma

14

pauperis in the United States Court of Appeals for the Tenth Circuit within thirty days in

accordance with Fed. R. App. P. 24.  It is

      FURTHER ORDERED that all pending motions are DENIED as moot.

      Dated February 8, 2016, at Denver, Colorado.

                    BY THE COURT:


                    __s/Lewis T. Babcock_____
                    LEWIS T. BABCOCK, Senior Judge
                    United States District Court

16

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 15-cv-02336-LTB

ROCKY-LEE: HUTSON,

     Plaintiff,

v.

STATE OF COLORADO,
GOVERNOR: JOHN HICKENLOOPER,
COLORADO STATES ATTORNEY GENERAL: CYNTHIA H. COFFMAN,
COLORADO SECRETARY OF STATE: WAYNE W. WILLIAMS,
COLORADO DEPARTMENT OF MOTOR VEHICLES: (All of the Officers and
    Assistants),
AMERICAN BAR ASSOCIATION: (All licensed bar attorneys and assistants),
COLORADO BAR ASSOCIATION: (All licensed bar attorney and assistants),
MESA COUNTY COURT: (All of the Judges and their assistants),
MESA COUNTY DISTRICT ATTORNEY'S OFFICE: (All of the officers and assistants),
MESA COUNTY,
MESA COUNTY SHERIFF: MATT LEWIS,
MESA COUNTY JAIL: (All deputies in the Sheriff's Department),
CITY OF GRAND JUNCTION,
GRAND JUNCTION POLICE DEPARTMENT (The Chief of Police and everyone under
    him down to the meter maid),
EAGLE COUNTY,
EAGLE COUNTY SHERIFF: JAMES VAN BEEK,
EAGLE COUNTY JAIL: (All deputies in the Sheriff's Department),
CITY OF EAGLE,
EAGLE COUNTY DISTRICT ATTORNEY'S OFFICE (All of the officers and assistants),
EAGLE COUNTY COURTS (All of the Judges and their Assistants),
CITY OF GOLDEN,
JEFFERSON COUNTY,
JEFFERSON COUNTY SHERIFF: JEFF SHRADER,
JEFFERSON COUNTY JAIL (All deputies in the Sheriff's Department),
PUEBLO COUNTY,
PUEBLO COUNTY SHERIFF: KIRK M. TAYLOR,
PUEBLO COUNTY JAIL (All deputies in the Sheriff's Department),
PUEBLO COUNTY COURT: (All of the Judges and their assistants),
CITY OF PUEBLO, and
PUEBLO COUTNY DISTRICT ATTORNEY'S OFFICE (All of the officers and
    assistants),

    Defendants.

---

### JUDGMENT

---

Pursuant to and in accordance with the Order of Dismissal entered by Lewis T. Babcock, Senior District Judge, on February 8, 2016, it is hereby

ORDERED that Judgment is entered in favor of Defendants and against Plaintiff.

DATED at Denver, Colorado, this 8th day of February, 2016.

FOR THE COURT,

JEFFREY P. COLWELL, Clerk


By: s/D. Kalsow
      Deputy Clerk

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF COLORADO

Civil Action No. _1:15-cv-02336_____

,

Rocky-Lee: Hutson Plaintiff

**FILED**
UNITED STATES DISTRICT COURT
DENVER, COLORADO

v.

FEB 29 2016

JEFFREY P. COLWELL
CLERK

,

The State of Colorado ET. AL Defendant

---

## NOTICE OF APPEAL

---

Notice is hereby given that _Order / Judgment 1:15-CV-02336 GPG_
(name the order and/or judgment)

_Rocky-Lee: Hutson v. State of CO_ in the above named case, hereby appeal to the United States
(plaintiff/defendant)

Court of Appeals for the Tenth Circuit from the _US District Court_
(describe the order and/or judgment)

entered in this action on the_____ 26th _day of_ February _, 2016_____

. Dated _February 26, 2016_

_Rocky-Lee: Hutson_
Signature

_Rocky-Lee: Hutson_
Printed Name

_525 ½ 32 ⅛ Road_
Address

_Clifton, Colorado [81520-9998]_
City                    State            Zip

_970-589-2336_
Telephone Number

# Writ of Error
# For Appeal
## "Quae Coram Nobis Residant"

**FILED**
UNITED STATES DISTRICT COURT
DENVER, COLORADO

**FEB 29 2016**

JEFFREY P. COLWELL
CLERK

I received documents from U.S. DISTRICT COURT, DISTRICT OF
COLORADO, notice of Electronic Filing case number 1:15-CV-02336 dismissing
this case.

**I am filing this document under "Forma Pauperis" since it was granted in the
lower court and with my being indigent having no job or any form of income
at all and also request that the Judges of the Appellate Court be Unbiased in
their decision.**

 I, a man Rocky as one of the people is here by special presence to convene this
common law court of record.

This is a Commercial Lien. I am NOT an Attorney/Lawyer and am not practiced in
the art of deception and lies. The court cannot dismiss this Commercial Lien, only
a Jury or myself can dismiss it, and that is something I won't do as of yet and to
have a Jury do it means that I have to be in court to argue my side to the Jury.

The Court has stated that Governmental Officers and Employees are immune from
prosecution under the 11th Amendment. That is true if the Officials and Employees
are operating in their elected capacity, but when they violate their Oaths of Office
and operate in the Private under the Corporation and not Constitutional Law that
Each of the Elected Officials has supposedly taken, and the Oath to the
Constitution of The United States of America (Cir. 1789) and the Constitution of
the State of Colorado (Cir. 1876). These documents are in Common Law and **NOT**
commercial law.

Under Common Law any suit in court has to have an injured party or valid contract
and the defendant has the right to question his/her accuser, also under Federal Law
when a man is arrested and demands to see a Judge he/she has to be brought before
the Judge within 48 hours of arrest.

The State Officials cannot pick and choose which laws they **WILL** or **WILL NOT**
be used in their courts. If the people of a State are subject to State and Federal
Laws then State Officials and their Employees are subject to the same exact Laws,
no exceptions.

It has come to my attention from people in the community that United States Magistrate Judge Gordon P. Gallagher has discussed this case with the officials in Mesa County along with Pete Hotzinger the newly appointed Federal Prosecutor who was formally the Mesa County District Attorney and which they are both members of the same Country Club a.k.a. (Whore-House) along with the Sheriff's office where the Deputies are all talking to each other about this Commercial Lien filed by me. United States Magistrate Judge Gordon P. Gallagher has a Law Firm in Grand Junction and has done business with the new Federal Prosecutor who was formally the Mesa County District Attorney this is why I feel this is Conspiracy between Gallagher, Hotzinger and the other officials in Mesa County along with Special Agent Alex Zappy with the F.B.I. also in Mesa County. I have already been contacted by an attorney who said that he was representing the defendants in this Lien asking me to settle out of court for $25,000,000.00 and I told him that I would see him in court.

This may be the reason my "Fast Track" has yet to be answered by United States Magistrate Judge Gordon P. Gallagher under PART 28 - THE FAST TRACK civil rules and procedures.

In part 28- FAST TRACK rules the Judge has 21 days to answer my request for a FAST TRACK and to this date I have not received any commutations from United States Magistrate Judge Gordon P. Gallagher or Senior Judge LEWIS T. BABCOCK. I also find it interesting that Senior Judge Lewis T. Babcock did not address the issue about my request for a Fast Track trial either.

1. In this dismissal, the Court says that I did not follow Rule 8 of the Federal Rules of Civil Procedure, upon review of Rule 8, I did follow all 3 rules pertaining to the Creditor (Plaintiff) of Rule 8. The rest of the Rule 8 is for the Defense and not for the Creditor or (Plaintiff).
2. 3. And 4 see attached pages based upon immunity and you will find that none of the Defendant fall under the 11th Amendment.
5. These Corporate Entities, Agents and Individuals are acting under Corporate Law and not Constitutional Law.
6. I was denied the right to see a Judge for my trial within the proper Time limit, not shone a Warrant for my arrest and was denied my right to Face my accuser.

United States Magistrate Judge Gordon P. Gallagher directed me to file an amendment that complied with the December 16th order, I complied with his orders for the amendment, if it was not correct it falls on the United States Magistrate Judge Gordon P. Gallagher. I am not a mind reader nor am I a Lawyer/Attorney and am not to be held to that type of deceit.

The Amended Complaint:
    a. Everything that I stated in my original Commercial Lien is true and correct.


Analysis:
    a. Procedures and policies, from any governmental office and their Departments or Agencies do not supersede any State or Constitutional Law, for their job is to insure the upholding of the Constitution of the United States of America and the Constitution of the State of Colorado. Now according to Special Agent Alex Zappy of the F.B.I. who has said to me in front of witnesses "procedures and policies from any governmental office or agency **DO** supersede any and all State and Federal Laws".

Eleventh Amendment Immunity:
    a. See Attachment.

Private Entities:
    a. The American Bar Association and the Colorado Bar Association are a joint action with the State agents, in which the District Attorneys, Prosecuting Attorneys and all Judges in the State are members of the same Association or Bar Union.

Judicial and Prosecutorial Immunity:
    1. As listed in attachment you will see there is no immunity.
    2. They are using "Color of Law" but in fact they are not being impartial and unbiased in performance of their duties and are in fact, as previous business associates, friends and members of the same association or club and union.
    3. According to "Corpus Juris Cicundum" volume 7 chapter 4 under Attorney Clint Relations, an Attorneys first and foremost responsibility is to the court and not his/her client, and anyone who hires an attorney loses his/her rights and becomes a ward of the court. This shows a conspiracy on the court to the people that are seeking justice.

False Arrest and Imprisonment Claim:

1. Again as stated before, each elected Official has taken an Oath to the Constitution of the United States of America and the Constitution of the State of Colorado and as such those two documents are under <u>Common Law</u> and not <u>corporate law</u>. A warrant can only be issued by a Judge or the clerk of the court and **NOT** law enforcement officers.

2. When someone is arrested they are to be taken in front of a Judge or Magistrate to show just cause for a Warrant to be issued for your arrest and a copy of the Warrant be handed to you for your arrest. There was never a Warrant shown to me nor did any of these defendants tell me of any bail that was set nor I get a copy of any Warrant from any of the defendants that are in my Lien.

3. I was never taken before any Judge or Magistrate after being arrested even though I insisted to see them. This is a direct violation of my Rights under the Constitution.

Malicious Prosecution Claim:

1. My rights were violated as under the Constitution.

2. I was under such stress and denied heart medications that when I arrived at the Pueblo County jail I had my fourth of seven heart attacks and was admitted into the hospital in Pueblo, Colorado on February 24, 2015.

3. Mesa County refused my medication even when my wife brought the medication to the jail to prevent death from occurring.

4. Eagle County took a list of the medications from me but could not get all of them filled before I was transferred to Jefferson County three days later.

5. Jefferson County kept me in a holding cell without medications until Pueblo came and got me to transport me to Pueblo County jail.

6. In Mesa County Jail on November 10, 2015 again they refused to give me my medication and upon release on November 12, 2015 within 4 hours of my release I was admitted to the hospital for a Mini Stroke because of the (Policies and Procedures) of the Mesa County Jail.

7. Again I was not shown a warrant nor brought before a Judge on a Failure to appear for a ticket that I never received and was unaware of it and was never told what my bail would be and when I demanded to see a Judge immediately I was told you will see the Judge at the Judges convenience. This is a clear violation of the Constitution and a pure disregard for any law other than what they want to follow.

Let it be known that in the past 16 months I have had 7 heart attacks and a Mini Stroke and this should show to the Courts that my medications are vital to my staying alive. These Corporate Entities, Agents and Individuals are guilty of VIOLATING my rights and trying to KILL me.

Now I feel that there is a conspiracy that is going on in the local Federal Court between United States Magistrate Judge Gordon P. Gallagher, Federal Prosecutor Pete Hotzinger and the Special Agent Alex Zappy and /other parties, my Commercial Lien has extended to bring in the Department of Justice and the Federal Bureau of Investigation. I would like for these Corporate Entities and Agents to be added to the Commercial Lien.

It is my belief that by filing this Writ of Error, I fear retaliation by the Respondents and have concern for the safety of myself and my wife. I wish for protection that these Corporate Entities, Agents and Individuals will come after us for me bring light to their corruption.

Below is a list of all <u>corporate agencies</u> that are on my Commercial Lien to prove that they are **NOT** a governmental office as shown through Dun & Bradstreet.

**DEPARTMENT OF JUSTICE #011669674**
**FEDERAL BBUREAU OF INVESTIGATION #878865674**
**STATE OF COLORADO #076438621**
**GOVERNER OF THE STATE OF COLORADO #149524985**
**COLORADO STATES ATTORNEY GENERAL #188589402**
**COLORADO SECTRETARY OF STATE #069291008**
**COLORADO DEPARTMENT OF MOTOR VEHICLES #146373837**
**AMERICAN BAR ASSOCIATION #**
**COLORADO BAR ASSOCIATION #**
**MESA COUNTY COURT #**
**MESA COUNTY DISTRICT ATTORNEY'S OFFICE #**
**MESA COUNTY #**
**MESA COUNTY SHERIFF #**
**MESA COUNTY JAIL #**
**CITY OF GRAND JUNCTION #**
**GRAND JUNCTION POLICE DEPARTMENT #**
**EAGLE COUNTY #**
**EAGLE COUNTY SHERIFF #**
**EAGLE COUNTY JAIL #**
**CITY OF EAGLE #**

**EAGLE COUNTY DISTRICT ATTORNEY'S OFFICE #**
**EAGLE COUNTY COURTS #**
**CITY OF GOLDEN #**
**JEFFERSON COUNTY #**
**JEFFERSON COUNTY SHERIFF #**
**JEFFERSON COUNTY JAIL #**
**PUEBLO COUNTY #**
**PUEBLO COUNTY SHERIFF #**
**PUEBLO COUNTY JAIL #**
**PUEBLO COUNTY COURT #**
**CITY OF PUEBLO #**
**PUEBLO COUNTY DISTRICT ATTORNEY'S OFFICE #**

# ATTACHMENT

Claimant requires protection for himself and his wife pursuant to 18 U.S. Code § 3771.

Claimant accepts Oaths sworn by all interested parties to uphold the Laws of the United States Constitution Cir. 1789 and the organic Laws of the Colorado Constitution Cir. 1876.

**Title 5, US Code § 556(d), § 557, § 706**: Courts lose jurisdiction for failure to follow Due Process Law.

The Supremacy Clause appears in Article VI of the United States Constitution. It establishes the Constitution, Federal Statutes, and U.S. treaties as 'the supreme law of the land.' State judges are required to uphold it, even if state laws or Constitutions conflict with it.
**TITLE 42 § 12202** A State shall not be immune.

**TITLE 15 § 1122** No Immunity to state actors.

**TITLE 42 § 1983, 1985 & 1986** which he had knowledge were about to occur and power to prevent, a deprivation of constitutional rights.
Public servants have no immunity from Claimant in a claim for damages or for jail time in either your private or public servant capacity.

**TITLE 5 § 3331,** You have sworn not to violate the Constitution of the United States of America. Unless public servant can provide Claimant with the witness against him, which as a public servant you cannot do.

**TITLE 5 PART III Subpart B CHAPTER 33 SUBCHAPTER II § 3331** Oath of office.
An individual, except the President, elected or appointed to an office of honor or profit in the civil service or uniformed services, shall take the following oath...support and defend the Constitution of the United States against ALL enemies, foreign and domestic;

**TITLE 28 PART I CHAPTER 21 § 453** Oaths of justices and judges.
Each justice or judge of the United States shall take the following oath or affirmation before performing the duties of his office: ``I, <JUDGE>, do solemnly swear (or affirm) that I will administer justice without respect to persons, and do

equal right to the poor and to the rich, and that I will faithfully and impartially discharge and perform all the duties incumbent upon me as Justice under the Constitution and laws of the United States. So help me God."

**TITLE 28 PART I CHAPTER 21 § 454** Practice of law by justices and judges. Any justice or judge appointed under the authority of the United States who engages in the practice of law is guilty of a high misdemeanor.

**TITLE 18 PART I CHAPTER 93 § 1918** Disloyalty and asserting the right to strike against the Government. A high crime is equal to a felony & a felony is any term greater than 1 year.

**TITLE 5 § 7311** an individual who violates this provision may not accept or hold a position in the Government of the United States or the government of the District of Columbia.
**Owen v. Independence 100 Vol. Supreme Court Reports. 1398: (1982). Main v. Thiboutot 100 Vol. Supreme Court Reports. 2502: (1982).**
The right of action created by statute relating to deprivation under color of law, of a right secured by the constitution and the laws of the United States and comes claims which are based solely on statutory violations of Federal Law and applied to the claim that claimants had been deprived of their rights, in some capacity, to which they were entitled.
Officers of the court have no immunity when violating constitutional right, from liability (When any public servant violates your rights they do so at their own peril.)

**TITLE 28 PART IV CHAPTER 85 § 1343.**
1. To recover damages for injury to his person or property, or because of the deprivation of any right or privilege of a citizen of the United States, by any act done in furtherance of any conspiracy mentioned in Title 42 § 1985;

**18 U.S. Code § 2076** - Clerk of United States District Court.
Whoever, being a clerk of a district court of the United States, willfully refuses or neglects to make or forward any report, certificate, statement, or document as required by law, shall be fined under this title or imprisoned not more than one year, or both.

**TITLE 18 PART I CHAPTER 101 § 2071** Concealment, removal, or mutilation generally.

(a) Whoever willfully and unlawfully conceals, removes, mutilates, obliterates, or destroys, or attempts to do so, or, with intent to do so takes and carries away any record, proceeding, map, book, paper, document, or other thing, filed or deposited with any clerk or officer of any court of the United States, or in any public office, or with any judicial or public officer of the United States, shall be fined under this title or imprisoned not more than three years, or both.

(b) Whoever, having the custody of any such record, proceeding, map, book, document, paper, or other thing, willfully and unlawfully conceals, removes, mutilates, obliterates, falsifies, or destroys the same, shall be fined under this title or imprisoned not more than three years, or both; and shall forfeit his office and be disqualified from holding any office under the United States. As used in this subsection, the term 'office' does not include the office held by any person as a retired officer of the Armed Forces of the United States.

Federal Rules of Civil Procedure Rule 25. Filing and Service.

(4) Clerk's Refusal of Documents. The clerk must not refuse to accept for filing any paper presented for that purpose solely because it is not presented in proper form as required by these rules or by any local rule or practice. Federal Rules of Civil Procedure Rule 5.1. Constitutional Challenge to a Statute - Notice, Certification, and Intervention.

(a) Notice by a Party. A party that files a pleading, written motion, or other paper drawing into question the constitutionality of a federal or state statute must promptly: (d) No Forfeiture. A party's failure to file and serve the notice, or the court's failure to certify, does not forfeit a constitutional claim or defense that is otherwise timely asserted.

There are no LICENSED attorneys in the State of Colorado practicing law. State BAR number is:
1. The 'STATE BAR' CARD IS NOT A LICENSE, it is voluntary:
2. It is a 'UNION DUES CARD'
3. The 'BAR' is a 'professional association.'
4. Actors Union, Painters Union, etc. are associations.
5. Associations (e.g. AMA for doctors), do not issue licenses.
6. State BAR is a non-governmental private association. Not a branch of the State of Colorado.

**TITLE 28 App. > FEDERAL > TITLE > Rule 46**. Attorneys 'I, (attorney name), do solemnly swear [or affirm] that I will conduct myself as an attorney and counselor of this court, uprightly and according to law; and that I will support the Constitution of the United States.'

It is fraud on the United States of America, fraud on the court and is being aided and abetted by the BAR MEMBER as 'attorney's' ABA Model Rules of Professional Conduct Rule 1.2: Scope of Representation Rule 1.2 (d) A lawyer shall not counsel a client to engage, or assist a client, in conduct that the lawyer knows IS CRIMINAL OR FRAUDULENT.

**Donnelly v. Dechristoforo, 1974.SCT.41709, 416 U.S. 637 (1974)** Mr. Justice Douglas, dissenting. Federal Rules of Evidence and State Rules of Evidence.... there must be a competent first hand witness (a body). There has to be a real person making the complaint and bringing evidence before the court. Corporations are paper and can't testify. 'The prosecutor is not a witness; and he should not be permitted to add to the record either by subtle or gross improprieties. Those who have experienced the full thrust of the power of government when leveled against them know that the only protection the citizen has is in the requirement for a fair trial.'

**TITLE 18 § 2** Principals aids, abets.
(a) Whoever commits an offense against the United States or aids, abets, counsels, commands, induces or procures its commission, is punishable as a principal. (b) Whoever willfully causes an act to be done which if directly performed by him or another would be an offense against the United States, is punishable as a principal.

**TITLE 18 § 4** Misprision of felony.
Whoever, having knowledge of the actual commission of a felony cognizable by a court of the United States, conceals and does not as soon as possible make known the same to some judge or other person in civil or military authority under the United States, shall be fined under this title or imprisoned not more than three years, or both.

**15 U.S. Code § 1** - Trusts, etc., in restraint of trade illegal; penalty
Every contract, combination in the form of trust or otherwise, or conspiracy, in restraint of trade or commerce among the several States, or with foreign nations, is declared to be illegal. Every person who shall make any contract or engage in any combination or conspiracy hereby declared to be illegal shall be deemed guilty of a felony, and, on conviction thereof, shall be punished by fine not exceeding $100,000,000 if a corporation, or, if any other person, $1,000,000, or by imprisonment not exceeding 10 years, or by both said punishments, in the discretion of the court.

**15 U.S. Code § 2** - Monopolizing trade a felony; penalty

Every person who shall monopolize, or attempt to monopolize, or combine or conspire with any other person or persons, to monopolize any part of the trade or commerce among the several States, or with foreign nations, shall be deemed guilty of a felony, and, on conviction thereof, shall be punished by fine not exceeding $100,000,000 if a corporation, or, if any other person, $1,000,000, or by imprisonment not exceeding 10 years, or by both said punishments, in the discretion of the court.

February 26, 2016
Date

Rocky-Lee:Hutson
Rocky-Lee:Hutson

525 ½ 32 1/8 Road

Clifton, Colorado [81520-9998]

970-589-2336



Cochy Lee Nielson
525½, 32½ Road
Clifton, Colorado [81520-9998]

Office of the Clerk
United States District
901 - 19th Street, Room A105
Denver, Colorado 80294-3589

U.S. POSTAGE
CLIFTON, CO
81520
FEB 25, '16
AMOUNT
$1.42
R2304M1139181-06

